RONAELE CORPORATION *v.* AERO CONSTRUCTION CORPORATION *et al.*

CANDLER, Justice. Aero Construction Corporation filed a proceeding in the Superior Court of Fulton County against Ronaele Corporation, in which it prayed for the appointment of a receiver to take charge of and sell the assets of Ronaele Corporation, and for the foreclosure of a contractor's lien in favor of the plaintiff. Other alleged lienholders against the property of Ronaele Corporation were named defendants. Two separate and distinct transactions between the parties are involved. The first involved the erection of a building by the plaintiff on property belonging to Ronaele Corporation, located on Peters Street in the City of Atlanta, under an alleged building contract. The other transaction involved the development of a tract on Northside Drive in Fulton County, under verbal and written contracts. The trial judge, without the intervention of a jury, found in favor of the plaintiff on both transactions, and made the judgment a lien against the respective properties. He also found in favor of the materialmen and subcontractors, who were named defendants, and those judgments were made liens against the judgment for the plaintiff. Ronaele Corporation made a motion for new trial based upon the usual general grounds. The motion was overruled, and the only question presented by the writ of error is whether the evidence authorized the findings and judgment. *Held:*

1. Concerning the Peters Street property, the evidence was sufficient to authorize the judge to find that the defendant, Ronaele Corporation, authorized a change in the original plans and specifications of the building so as to provide for the substituted doors, that with such authorized change the building was completed, and that a portion of the contract price, as adjusted to compensate for such change, was unpaid. The judge was also authorized to find that the contracting parties had waived the contract requirement concerning the architect's final certificate of completion of the building. Accordingly, a judgment for the plaintiff for the balance alleged to be due and unpaid under this contract was authorized by the evidence.

2. The evidence was also sufficient to authorize the judge to find that the plaintiff corporation had performed certain work in connection with the development of the property of Ronaele Corporation on Northside Drive, both under verbal and written contracts, and to authorize a judgment in favor of the plaintiff for the amount found to be due and unpaid.

3. Even if the testimony of the president of the plaintiff corporation, concerning the cost of material and labor which went into the construction of the Peters Street building and the development of the Northside Drive property, was hearsay, as now contended, and therefore of no probative value, nevertheless, the original records of the corporation were introduced in evidence, without objection, and parties who kept them gave testimony similar to that contended to be hearsay, and other parties who had previously dealt with the plaintiff corporation testified that its records were usually correct. The evidence, therefore, was not solely hearsay and without probative value, as contended by the plaintiff in error, and was sufficient to authorize the findings and judgment.

*Judgment affirmed. All the Justices concur.*

No. 16654. JUNE 15, 1949.

*James A. Branch* and *Thomas B. Branch Jr.*, for plaintiff in error.

*Charles W. Bergman, Woodruff & Etheridge, Woodruff, Swift & Dorsey, Moise, Post & Gardner, Clapp & Gaines, Raymond A. Mulkey, Albert E. Mayer, Harold Sheats, John R. Burress, Joseph J. Fine, Tindall & Tindall, J. F. Kemp,* and *Clarke & Clarke,* contra.